Although I concur in the result reached by the majority, I would hold that because McCafferty admits that he was attempting to steal merchandise from Food World when Smitherman arrested him, and because McCafferty had submitted to Smitherman's custody, McCafferty had a duty not to escape from custody and is liable for any injury proximately caused by his attempt to escape.
In this case, Smitherman saw McCafferty putting merchandise in his coat and attempting to leave Food World's premises without paying for it. Smitherman approached McCafferty and asked him to accompany Smitherman to the office. McCafferty consented, but as the two men walked past the front doors of the store, a door opened automatically and McCafferty ran outside. Smitherman pursued him into the parking lot and tackled him. The two men landed on the asphalt pavement, and Smitherman hurt his knee in the fall.
Both § 15-10-14(a) and § 15-10-7(a)(1), Ala. Code 1975, authorized Smitherman's arrest of McCafferty. Section15-10-14(a) provides that a merchant or his employee "who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person, and [for believing] that he can recover [those goods] by taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for a reasonable length of time." Section 15-10-7(a)(1) empowers a private person to arrest an individual who commits a public offense in his presence.
Ala. Code 1975, § 13A-10-33(a), provides that "[a] person commits the offense of escape in the third degree if he escapes or attempts to escape from custody." "Custody" is defined in the Commentary to § 13A-10-31 through -33 to include "any detention pursuant to a lawful arrest or court order." Under this definition, when Smitherman asked McCafferty to accompany him to Food World's office, and McCafferty consented, Smitherman took McCafferty into custody. McCafferty's subsequent escape from Smitherman's custody would authorize the State to charge McCafferty with the crime of escape in the third degree.
Although the State has not charged McCafferty with violating § 13A-10-33(a), I would hold that Smitherman may sue McCafferty civilly for violating § 13A-10-33(a) and recover for injuries that were a foreseeable result of McCafferty's attempt to escape.
As the majority's opinion points out, this Court has held that "every criminal act which injures the person or property of another is also a civil tort, redressable by the courts."Hardie-Tynes Manufacturing Co. v. Cruse, 189 Ala. 66, 78,66 So. 657, 661 (1914). In Martinson v. Cagle, 454 So.2d 1383
(Ala. 1984), this Court restated that rule:
 "Even though an act may constitute a crime, if it also results in injury to the person or property of another, the act may still be the basis of a civil action for damages. However, civil liability will ensue only if the acts complained of violate a legal right of the plaintiff, constitute a breach of duty owed to the plaintiff, or constitute some cause of action for which relief may be granted."
454 So.2d at 1385.
McCafferty admits that he was attempting to steal merchandise from Food World *Page 327 
and that Smitherman was authorized to take him into custody. McCafferty's escape would have deprived Smitherman of his right to protect Food World's merchandise. Therefore, I would hold that Smitherman is entitled to sue McCafferty to recover for injuries proximately caused by McCafferty's attempt to escape. Further, a jury should determine whether Smitherman's pursuit of McCafferty and Smitherman's injury sustained during the pursuit were foreseeable.